### DE GRAUW v. SCHMID.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

1. PARTNERSHIP—DISSOLUTION—USE OF FIRM NAME.

Partnership articles providing that, after dissolution, a certain member is to have the exclusive right to use the firm name, do not refer to a dissolution occasioned by such member's death, and hence do not affect the survivor's right to continue the use of the firm name as authorized by Laws 1897, c. 420.

2. SAME—WAIVER.
    A legatee to whom a deceased partner had devised his interest in the
good will and the firm name waives his right to use such name by per-
mitting a surviving partner to continue the business and use the name
for four years, without objection, after he had bought the firm assets
from the executors, with whom he had continued the business under
such name for several weeks after testator's death.

Appeal from special term, New York county.

Action by Frederick L. De Grauw against George F. Schmid.
From an order granting a temporary injunction, defendant appeals.
Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN,
McLAUGHLIN, and INGRAHAM, JJ.

Edmund L. Baylies, for appellant.
Samuel Roberts Taylor, for respondent.

INGRAHAM, J. The action was commenced to restrain the de-
fendant from doing business under the firm name of De Grauw,
Aymar & Co., and from selling or offering for sale any articles under
certain trade-marks alleged in the complaint. The firm of De Grauw,
Aymar & Co. was established many years ago by the plaintiff's grand-
father. The business was continued by the plaintiff's father, who
subsequently bought out the interests of the other members of the
firm; and on the 1st day of January, 1881, the defendant became a
member of the firm, which then was constituted of the plaintiff's
father and the defendant. The plaintiff's father died in 1894, when
the defendant continued the business of the firm of which he had
before been a member under the old firm name. The co-partnership
agreement between the defendant and the plaintiff's father, which was
executed on the 1st day of January, 1881, provided that "the co-part-
nership business is to be carried on under the firm name or style of
De Grauw, Aymar & Co." It also provided for the contribution of
capital by De Grauw, and that the defendant's contribution of capi-
tal should consist of the surplus of his shares of the profits of the
business remaining after drawing out for living expenses a sum not
to exceed $2,000 per year; the net profits of the business to be divided,
four-fifths to De Grauw, and one-fifth to the defendant. It was
further provided that, if the co-partnership should be dissolved, the
defendant was to retire from the firm, and the said De Grauw was
to have the sole and exclusive right, either alone or in conjunction
with other partners, to continue the business at the places where the
same at the time of said dissolution should be carried on, and to the
exclusive use of said firm name and of its trade-marks, and to the
good will of the business, and that the said defendant should not be
entitled to receive or be credited with anything therefor. On Febru-
ary 28, 1883, the defendant's interest in the profits of the firm was
increased from one-fifth to one-fourth. This partnership continued
until the death of De Grauw, on November 23, 1894. After his death
the business of the firm was continued, by agreement between the
defendant and De Grauw's executors, until December 31, 1894; and
on the 1st day of January, 1895, all the stock of the firm was ap-

praised, and was sold by De Grauw's executors to the defendant at the appraised value. After January 1, 1895, the business was carried on by the defendant under the old firm name of De Grauw, Aymar & Co. The plaintiff continued in the employ of this new firm down to the 1st day of January, 1899, when he voluntarily withdrew, stating that he intended to set up business for himself. By the will of De Grauw, which is annexed to the complaint, the deceased gave to his son (the plaintiff) his interest in the good will of the said business, and in the firm name and trade-marks belonging to the said firm, in case he wished to continue said business, either alone or with the surviving partner. Thus, upon the death of De Grauw the defendant became the surviving partner. The business of the firm was continued, under an agreement between the executors of the deceased partner and the defendant as surviving partner, until December 31, 1894; and on the 1st day of January, 1895, the defendant, the surviving partner, purchased from the executors of the deceased partners the interest of the estate in the firm. The business previously carried on by this co-partnership was continued by the surviving partner under the old firm name. Neither the plaintiff nor the executors appear to have objected to this.

The partnership law (Laws 1897, c. 420) provides for the continuance of a partnership or business name. A co-partnership, in this state, having business relations with foreign countries, or which has transacted business in this state for not less than three years, and which continues to be conducted by some or any of the partners, their assignees or appointees, may be continued under the old partnership name; or where a majority of the members of a general or limited partnership formed under the laws of this state are about to discontinue its business within the state, and a new co-partnership is about to be formed by a majority of the partners, general or special, or the survivors thereof, or where such majority of the partners or the surviving members thereof shall consent in writing to the use by such firm or corporate name by a new general or limited co-partnership, or where a resident of this state dies, who at the time of his death, and for at least five years immediately prior thereto, conducted and carried on in his sole name any business in this state, the right to use the name of such person for the purpose of continuing and carrying on such business survives and passes, to be disposed of and accounted for as part of the personal estate of such deceased person, and such business may be continued and carried on under such name by any person who comes into the legal possession thereof. This statute would not give the plaintiff the right to commence a business, using the firm name under which the business had been transacted, where the defendant, the surviving partner of the firm that had transacted such business, had continued to transact business under the old firm name. The plaintiff was not a partner in the old firm, and he did not continue the business. The defendant was such a partner, and continued the business; and he would be entitled, under the statute, to the use of the firm name under which the business had been conducted. The provision of the co-partnership articles which gave to Walter N. De Grauw, Jr., the sole and exclusive right

to continue the business, and the exclusive use of the said firm name, evidently related to a dissolution of the firm during the lifetime of the said De Grauw. He personally was to have the right to continue the business and to use the firm name, but there was nothing in the co-partnership articles which would tend to show that the defendant agreed that upon the death of De Grauw he should at once relinquish, for the benefit of the plaintiff, his interest in the business to the establishing of which he had devoted many years of his life, or that he would then give up his right under the law to continue the business, and to use the name by which the business had been known.

But even assuming that De Grauw's executors, under this co-partnership agreement, might insist upon their right to the firm name as a portion of the assets of the estate, or that the plaintiff acquired any right under the will to the name of the firm (which we do not intend to discuss), it would seem that that right was lost by the dealing of the deceased partner's executors and the plaintiff with the defendant. Upon the death of De Grauw, his executors continued the business with the defendant, and received from the co-partnership their proportion of the profits, until January 1, 1894, when the value of the estate in the assets of the co-partnership was ascertained and paid to the estate. The defendant, as surviving partner, then continued the business, with the assets thus purchased from the estate of his deceased partner, as he had a right to do under the provisions of the partnership law before cited, and which were substantially re-enactments of the law in force at the time of the dissolution of this co-partnership by the death of one of the partners. It would be extremely unjust now to allow this plaintiff to enforce any right, which he might have had at the time of the dissolution of the co-partnership, to come in and use this firm name, which has acquired additional value by the efforts of the defendant, when the use of the firm name was continued by the defendant at least with the acquiescence of the executors of the estate and the plaintiff. That this business has become valuable, is apparent. It is also apparent that the personal efforts of the defendant in the management and conduct of the business have been largely instrumental in creating this value. Under the provisions of the statute before cited, the defendant is entitled to continue this business under the firm name in use before the dissolution. There is nothing in the co-partnership articles that prevented him from exercising the right given to him by law after the death of his partner, and he has continued the business solely for his own benefit, with his own capital, since January 1, 1894.

Upon the papers presented to the court below we do not think that a preliminary injunction should have been granted. Upon the trial of the action other facts may appear which will justify the interference of a court of equity, but this order should be reversed, with $10 costs and disbursements, and the motion for a temporary injunction denied, with $10 costs. All concur.